IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CAROLYN PANCURAK,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Case 1:22-cv-2019 JRR |
| **MCFLY'S, INC.,** *ET AL.* | * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This matter comes before the court on Defendant MacFawn's Motion to Dismiss First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13; the "Motion".) The court has reviewed the parties' submissions. No hearing is necessary. Local Rule 105.6.

## I.   BACKGROUND

Plaintiff Pancurak brings this action for retaliation in violation of the Fair Labor Standards Act[1] in connection with her past employment as a restaurant server and bartender. Defendants are the bar where she worked (McFly's, Inc. d/b/a White Rabbit Gastropub), one of its owners (Mr. MacFawn), and its general manager (Mr. Fellows). Plaintiff alleges that her work hours/shifts were cut after she complained of FLSA violations pertaining to non-tipped work. (First Amended Complaint, ECF No. 12; the"FAC.") Defendant MacFawn moves to dismiss on the basis that Plaintiff's allegations about his role in the alleged FLSA violations are conclusory in nature and lack the factual context or underpinning required by the *Twombly/Iqbal* standard of pleading.

---

[1] 29 U.S.C. §§ 201, *et seq.*

II.     **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

"In *Twombly*, the Court changed significantly how the legal sufficiency of a claim is to be measured when it is attacked under Rule 12(b)(6). As one eminent scholar of federal civil procedure has said of *Twombly*: 'Notice pleading is dead. Say hello to plausibility pleading.'" *Macronix,* 4 F. Supp. 3d at 799-800 (quoting A. Benjamin Spencer, *Plausibility Pleading*, 49 B.C. L. REV. 431, 431-32 (2008)); *Bell Atl. Corp., v. Twombly,* 550 U.S. 544 (2007). The "liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2) has been decidedly tightened (if not discarded) in favor of a stricter standard requiring the pleading of facts painting a 'plausible' picture of liability." *Id.; see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 262 (4th Cir. 2009) (Jones, J., concurring in part, dissenting in part, and remarking that "*Twombly* and *Iqbal*[2] announce a new, stricter pleading standard.")

A Rule 12(b)(6) motion "tests the legal sufficiency of a complaint. It does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244 (citing *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

---

[2]*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "A complaint that provides no more than 'labels and conclusions,' or 'formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 21-cv-1637, 2021 U.S. Dist. LEXIS 221041, at *4 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

## III.   ANALYSIS

Defendant MacFawn takes issue with paragraphs 60 and 61 of the FAC, which target Mr. MacFawn as the person who directed Mr. Fellows to take the adverse action on which Plaintiff bases her retaliation claim:

> 60. During this phone call, MacFawn instructed Fellows to reduce Pancurak's shifts.
>
> 61. MacFawn's goal was, without explicitly firing Pancurak, to cause her to quit by drastically reducing her schedule shifts.

(FAC at ¶¶ 60-61.)

Defendant MacFawn complains that Plaintiff fails to "allege any factual allegations that would make it even *remotely* plausible that she knew MacFawn was on the other end of the call with Fellows, what was discussed – let alone what 'MacFawn's goal was' – or what MacFawn might have directed Fellows to do (if MacFawn was even the one on the other end of the phone.)" (Motion at pp. 5-6; emphasis in original.) Defendant MacFawn likens Plaintiff's allegations in paragraphs 60 and 61 to the *Iqbal* plaintiff's allegations describing Attorney General Ashcroft as

the "principal architect" and FBI Director Mueller as "instrumental" in connection with alleged constitutional torts; the Supreme Court held these allegations were "bare assertions" and insufficient to state a claim.  (*Id*.); *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009).

      The court disagrees with Defendant MacFawn.  In *Iqbal*, the Supreme Court explained that the plaintiff's allegations that Ashcroft was the "principal architect" and Mueller was "instrumental" did nothing more than parrot essential legal elements of the constitutional claim at issue.  Therefore, the Court held, these allegations were conclusory and, as such, were not entitled to the presumption of truth that factual allegations enjoy in a 12(b)(6) setting.  Here, paragraphs 60 and 61 assert specific, context-appropriate and relevant facts.  Plaintiff does not rely on labels, but rather describes with specificity Mr. MacFawn's alleged conduct and frame of mind (intention) that led to Plaintiff's alleged workplace adverse action and resultant legal harm. These allegations rise above a pleading based on no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."  *McCleary v. Evans v. Md. Dep't of Transp., State Hwy. Admin*., 780 F.3d 582, 585 (4th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 544, 555 (2007)); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (holding that "a court is not required to accept legal conclusions drawn from the facts"); and *Estate of Greenwald v. PNC Bank, N.A.,* Case No. 21-3060, 2022 WL 684129 at *2 (D. Md. Mar. 8, 2022) (regarding separation of legal conclusions from factual allegations in evaluating whether a plaintiff states a cause of action for which relief can be granted) (citing *A Soc. Without a Name v. Virginia,* 655 F.3d 342, 346 (4th Cir. 2011)); (Motion at p. 2).

      The court also disagrees with Defendant MacFawn's contention that the FAC fails because Plaintiff does not explain how she knows what was discussed on the phone call between Defendant MacFawn and Mr. Fellows, what Defendant MacFawn said, or what his "'goal was.'"  (Motion at

4

pp. 4-5.) Defendant MacFawn urges that because Plaintiff fails to state facts "that would make it facially *plausible* that she was actually privy" to the phone call details, the FAC is not entitled to "'the reasonable inference that the defendant is liable for the misconduct alleged.'" (Motion at p. 6; emphasis in original; citing and quoting *McCleary v. Evans v. Md. Dep't of Transp., State Hwy. Admin.*, 780 F.3d 582, 585 (4th Cir. 2015).) Plaintiff's failure, Defendant MacFawn argues, calls upon the court to speculate in order to "fill in the gaps," which is not the proper role of the court. (Motion at pp. 6-7; citing *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).)[2] The court agrees with Plaintiff that Defendant MacFawn demands too much of Plaintiff at this stage and, further, that Defendant MacFawn has misapprehended the "plausibility" requirement under *Twombly/Iqbal*.

The plausibility requirement does not pertain to whether the facts plead are believable.[3] The plausibility requirement asks whether the facts plead, if believed, animate the essential legal elements of the claim that would result in the defendant's liability. The improper speculation by the court to "fill in the gaps" to which Defendant MacFawn refers does not pertain to speculation as to how facts could be true; improper speculation occurs where a pleading does not contain facts to support legal elements of a claim and, therefore, relies upon the court's willingness to connect the dots of what *could* be possible – to imagine circumstances in which the defendant could be liable for the claim charged. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009) (citing *Twombly,* 550

---

[2] In anticipation of opposition grounds to the Motion, Defendant MacFawn argues that Plaintiff "is effectively trying to plead these facts 'upon information and belief,'" which, Mr. MacFawn urges, does not carry the FAC across the finish line, because facts alleged upon information and belief are conclusory and insufficient. (Motion at p. 7 n.1; internal citations omitted.) The court will not reach this argument because the court is not persuaded by Defendant MacFawn's chief argument that the FAC fails on the basis that Plaintiff has failed to plead facts explaining how she came to hear, or know the details of, the phone call.

[3] The court agrees with Plaintiff's understanding that she is not required to prove her claim or to "'forecast evidentiary support'" at the pleading stage. (Opposition at pp. 3-5; citing and quoting *Swedish Civil Aviation Admin. v. Project Mgmt. Ent.*, 190 F. Supp. 2d 785, 791 (D. Md. 2002); and *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000).)

U.S. at 551, 554-55, and explaining that the complaint does not fail because the facts plead are "unrealistic," "nonsensical," "chimerical" or "fanciful," but rather because the allegations were a mere "'formulaic recitation of the elements.'")[4]

In this vein, the court will not credit a plaintiff with pleading adequate facts where what is plead is not a descriptive fact, but rather a conclusion – *e.g.,* describing employer conduct by relating events which, if true, are persistent and abusive versus describing employer conduct merely by reference to its impact or result as "abusive." *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (holding that "legal conclusion[s] couched as factual allegation[s]" are not presumed true for 12(b)(6) purposes); *United Black Firefighters v. Hirst,* 604 F.2d 844, 846-47 (4th Cir.1979) (holding that "conclusory allegations of discrimination . . . not supported by any reference to particular acts, practices, or policies" do not survive 12(b)(6) scrutiny on employment discrimination claim.).

Wright & Miller provides additional assistance in appreciating the distinction between allegations entitled to the presumption of truth and those that are not:

> Conversely, a number of federal courts also have said that there are other types of allegations that need not be accepted as true on a Rule 12(b)(6) motion. Various phrases have been used by the federal courts to express this point. Among these are that the district court is not bound by a pleading's "legal conclusions," or its "unsupported conclusions," or its "unwarranted inferences," or its "unwarranted deductions," or its "footless conclusions of law," or its "mere conclusory statements," and its "sweeping legal conclusions cast in the form of factual allegations." Once again, these different verbalizations can be considered more or less synonymous in terms of the judicial application of Rule 12(b)(6).
>
> This occasional judicial reliance on some of the nomenclature of the code pleading regime, such as "facts" and "conclusions," reflects the difficulty of phrasing in abstract terms a rule of construction of pleadings that is relatively simple in actual operation. However,

---

[4] The court does not find that Plaintiff's FAC relies upon fanciful or unrealistic facts.

> what is clear is that more detail is required than the bald statement by the plaintiff that she has a valid claim of some legally recognizable type against the defendant. Moreover, if the allegations in the complaint, taken as true, do not effectively state a claim for relief, the added assertion by the plaintiff that they do state a claim will not save the complaint.
>
> Basically what this means, and it clearly is borne out by the case law is that the district judge will accept the pleader's description of what happened to him or her along with any conclusions that can reasonably be drawn therefrom. However, the court will not accept conclusory allegations concerning the legal effect of the events the plaintiff has set out if these allegations do not reasonably follow from the pleader's description of what happened, or if these allegations are contradicted by the description itself.

Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. Apr. 2022 update).

As set forth above, the court finds that Plaintiff's allegations about Defendant MacFawn's alleged conduct rise above mere labels and conclusory tags signaling liability. The allegations against Defendant MacFawn are descriptive and factual in nature. Taking the well-plead facts as true, the court further finds that Plaintiff makes out a colorable claim that Defendant MacFawn engaged in unlawful retaliation in violation of the FLSA. 29 U.S.C. § 215(a)(3); *see Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008) (reminding the reader that a "plaintiff asserting a prima facie claim of retaliation under the FLSA must show that (1) he engaged in an activity protected by the FLSA; (2) he suffered adverse action by the employer subsequent to or contemporaneous with such protected activity; and (3) a causal connection exists between the employee's activity and the employer's adverse action.").

## IV. CONCLUSION

For the foregoing reasons, by separate order, the Motion to Dismiss First Amended Complaint (ECF No. 13) is **DENIED**.

/S/
_____

April 8, 2023

Julie R. Rubin
United States District Judge